IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JEREMIAH ROBERT WIBERG,<br><br>Defendant/Movant. | Cause No. CR 06-63-BLG-SPW<br>CV 21-24-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

On February 24, 2021, Defendant/Movant Wiberg filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Wiberg pled guilty in 2007 to receiving child pornography, a violation of 18 U.S.C. § 2252A(a)(2). He was sentenced to serve 148 months in prison, to be followed by a fifteen-year term of supervised release. *See* Am. Judgment (Doc. 60) at 1–3. He discharged his prison sentence on May 17, 2017 and began serving his term of supervised release. Since then, he has served less than nine months under supervision in the community and about 65 months to date in prison on revocations of supervised release. He has about ten more months to serve in prison before he commences the remaining 102-month period of his supervised release.

1

Wiberg's release has been revoked four times. His § 2255 motion challenges the third revocation. In reviewing the § 2255 motion and the case file, the Court has refreshed its memory by consulting the court reporter's transcript of Wiberg's revocation hearing on August 5, 2020. The United States will be required to order the transcript for the record and deliver a copy to Wiberg. *See* 28 U.S.C. § 753(f).

## I. Mootness

At the time of his filing in this matter, Wiberg was a federal prisoner serving a two-year prison sentence on the third revocation of his supervised release—the sentence he challenges in the § 2255 motion. He therefore satisfies the "in custody" element of 28 U.S.C. § 2255(a). *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Wiberg's original conviction of receiving child pornography was a Class C felony incurred under 18 U.S.C. § 2252A(a)(2). *See* 18 U.S.C. §§ 2252A(b)(1), 3559(a)(3); Am. Judgment (Doc. 60) at 1. On his third revocation, he was sentenced to serve 24 months in prison, *see* 18 U.S.C. § 3583(e)(3), to be followed by the 126 months remaining in the original 180-month term of supervised release. *See* Third Revocation Judgment (Doc. 114) (custody for 24 months and supervised release of 126 months); Am. Judgment (Doc. 60) at 3 (15 years of supervised release); First Revocation Judgment (Doc. 75) (custody for 12 months and

supervised release of 168 months); Second Revocation Judgment (Doc. 102) (custody of 18 months and supervised release of 150 months).

Since filing, Wiberg completed his prison term, recommenced his supervised release, again violated its conditions, and again returned to prison. He is currently in custody on that fourth revocation. He appealed the judgment, but it was affirmed on October 20, 2022. The mandate issued on November 14, 2022. *See* Mandate (Doc. 150), *United States v. Wiberg*, No. 22-30041 (9th Cir. Nov. 14, 2022). When Wiberg completes his new prison term of 24 months, he will serve 102 months on supervised release. *See* Fourth Revocation Judgment (Doc. 75).

A § 2255 motion is justiciable if "a prisoner is alleging a concrete . . . identifiable effect of a sentencing error that could be rectified by prevailing on appeal and receiving a different sentence on remand." *United States v. Fluker*, 891 F.3d 541, 551 (4th Cir. 2018). 18 U.S.C. § 3583(h) provides:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

If Wiberg prevailed on his § 2255 motion and was resentenced on his third revocation, it is possible that less prison time would be subtracted from his remaining term of supervised release, thereby increasing his time on supervised

3

release. But the term of supervised release following a revocation need not reflect the original term minus prison time served on revocations. Section 3582(h) sets a maximum term, not a minimum one. The Court would have discretion to reduce Wiberg's remaining term of supervised release. Therefore, the § 2255 motion aimed at Wiberg's third revocation does not appear to be mooted by his fourth revocation.

## II. Right to Counsel in Revocation Proceedings

Wiberg alleges that his revocation counsel, Assistant Federal Defender Steven Babcock, was ineffective in several respects. He objects to counsel's asking only one question of one witness and failing to question specific testimony from a second witness. He also asserts that counsel should have argued that the evidence was tainted by a Fourth Amendment[1] violation. Finally, Wiberg claims that he instructed counsel to file a notice of appeal, but counsel failed to do so.

Initially in this matter, the Court provisionally followed statements in unpublished opinions suggesting the Sixth Amendment's right to counsel extends to revocation proceedings. *See, e.g., United States v. Williams*, 467 Fed. Appx. 628, 630, No. 11-50210 (9th Cir. 2012) (unpublished mem. disp.) (expressing

---

[1] Neither the Federal Rules of Evidence nor the exclusionary rule applies to supervised-release revocation proceedings. *See Pennsylvania Bd. of Probation and Parole v. Scott*, 542 U.S. 357, 365–67 (1998); *United States v. Hebert*, 201 F.3d 1103, 1004 (9th Cir. 2000) (per curiam); Fed. R. Evid. 1101(d)(3).

4

"concern[]" at defendant's argument that "the district court violated his Sixth Amendment right to counsel by forcing him to choose, at his revocation hearing, between self-representation and representation by an appointed attorney with whom he had expressed dissatisfaction in open court."); *United States v. Bernier*, 761 Fed. Appx. 11, 13 (D.C. Cir. 2019) (per curiam) (unpublished mem. disp. remanding claims of ineffective assistance in supervised-release revocation for evidentiary hearing, including claim that counsel unreasonably "conceded guilt to certain violations").[2]

On further reflection, it appears the Sixth Amendment has no bearing on Wiberg's case. "[T]he Sixth Amendment has no application to supervised release proceedings." *United States v. Spangle*, 626 F.3d 488, 494 (9th Cir. 2010). In *Spangle*, the court held that the defendant had no Sixth Amendment right to represent himself. If the Sixth Amendment does not apply, then the defendant does not have a Sixth Amendment right to the effective assistance of counsel.

A constitutional right to counsel in revocation proceedings may arise from the Fifth Amendment's Due Process Clause. The Fifth Amendment right attaches if the defendant contests the violations and/or makes a substantial argument against revocation, as opposed to continuation of release. If one of those prerequisites is

---

[2] An unpublished decision in 2005 found that the defendant knowingly and voluntarily waived his Sixth Amendment right to counsel in a probation revocation hearing. The decision cannot be cited. *See* Fed. R. App. P. 32.1(a)(ii). Other unpublished decisions exist as well.

met, then the court "should" also consider whether the defendant is "capable of speaking effectively for himself." *Gagnon v. Scarpelli,* 411 U.S. 778, 790–91 (1973); *see also, e.g., United States v. Eskridge,* 445 F.3d 930, 932 (7th Cir. 2006).

Applying the *Scarpelli* criteria, Wiberg did not have a constitutional right to counsel in his third revocation proceeding. He admitted all six of the violations charged against him.[3] *See* Third Revocation Judgment (Doc. 114) at 1. He did not contest revocation, only the length of his prison term, which was capped at two years by statute. *See* 18 U.S.C. §§ 2252A(b)(1), 3559(a)(3), 3583(e)(3). Because, under these circumstances, the Court cannot find that Wiberg had a right to counsel under the Fifth Amendment, he cannot show that the right was violated.

The general rule governing appointment of counsel in federal revocation proceedings comes not from *Scarpelli* but from the Criminal Justice Act. Counsel must be appointed for all indigent defendants facing revocation. *See* 18 U.S.C. § 3006A(a)(1)(E). For these defendants, counsel is, so to speak, "front-loaded." If grounds exist to contest violations or to urge a continuation of release, counsel will help the defendant to identify, develop, and present them. Appointment continues on appeal. *See* 18 U.S.C. § 3006A(c). Wiberg had a statutory right to counsel, but

---

[3] In the third revocation proceeding, Wiberg was charged with leaving a residential re-entry center, changing his residence, being terminated from a sex-offender treatment program, leaving the District of Montana, using social media and electronic devices to contact minors, and being in the company of minors, all without notice to or permission from his supervising probation officer. He was found in the District of Minnesota hiding under a bed in a house where seven children under the age of 18 were living.

6

that right was realized when counsel was appointed. The Act does not establish the parameters or standards of effective assistance.

The Court recognizes the seriousness, in general, of counsel's failure to file a notice of appeal. As the Supreme Court explained in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), an omission of that nature leads "not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Id.* at 483. And a person who is in custody has little choice but to rely on counsel to file the notice on his behalf.

Even so, "not all situations calling for procedural safeguards call for the same kind of procedure." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *compare, e.g.*, Fed. R. Crim. P. 32(j) (requiring judge to advise defendant of right to appeal and clerk to file notice of appeal on request) *with* Fed. R. Crim. P. 32.1 (imposing no similar requirements). A defendant cannot be entitled to appeal his revocation on the grounds that counsel ineffectively failed to file an appeal unless he had a right to the effective assistance of counsel. And if the record of the revocation proceeding shows that he did not dispute the violations or the revocation, then he had no right to counsel. To hold, in these circumstances, that he may reopen revocation proceedings to take an appeal would undermine the "informality, flexibility, and economy" of conditional-release and revocation programs, *Scarpelli*, 411 U.S. at 788. It would unnecessarily prolong proceedings

7

that are not aimed at producing reliable, just, and abiding legal judgments, as criminal prosecutions are, but focus instead on fostering an offender's personal accountability and reintegration into society.

Wiberg's claims must be denied because the record of the case shows that no right to counsel arose under the Fifth Amendment. A certificate of appealability is warranted on the issue of whether this analysis is correct and, if not, whether revocation proceedings support claims of ineffective assistance of counsel to the same extent as criminal proceedings.

Accordingly, IT IS ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the revocation hearing, held August 5, 2020, is needed to decide the issues Wiberg presents.

2. The United States shall immediately order the transcript of that hearing for the Court's file and shall deliver a copy to Jeremiah Robert Wiberg, BOP # 12954-041, FCI Oakdale I, Federal Correctional Institution, P.O. Box 5000, Oakdale, LA 71463.

3. Wiberg's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 116) is DENIED.

4. A certificate of appealability is GRANTED. The clerk shall immediately process the appeal if Wiberg files a Notice of Appeal. Wiberg may, if he chooses,

move the Ninth Circuit Court of Appeals to appoint counsel to represent him in that court.

5. The clerk shall ensure that all pending motions in this case and in CV 21-24-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Wiberg.

DATED this 20th day of December, 2022.

Susan P. Watters
United States District Court